FILED
IN CLERK'S OFFICE
US DISTRICT COURT E.D.N.Y.
★ SEP 07 2018 ★
BROOKLYN OFFICE

UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
----------------------------------X
CHRISTOPHER REESE,

        Petitioner,

  - against -

H. QUAY,

        Defendant.
----------------------------------X

**NOT FOR PUBLICATION**

**MEMORANDUM AND ORDER**
18-cv-71 (KAM)

**MATSUMOTO, United States District Judge:**

      On October 18, 2017, petitioner Christopher Reese ("petitioner"), incarcerated at Metropolitan Detention Center ("MDC"), and proceeding *pro se*, filed a motion for preliminary injunction challenging the conditions of his confinement at MDC. By order dated January 2, 2018, petitioner was ordered to submit a completed request to proceed *in forma pauperis* ("IFP") within twenty days in order to proceed with this action. On January 3, 2018, the Clerk of Court mailed petitioner a copy of the January 2, 2018 order, along with a form to request to proceed IFP. Although petitioner did not file a completed IFP form or otherwise communicate with the court, by order dated July 11, 2018, the court granted petitioner additional time, until August 3, 2018, to file a completed IFP form with the court. The Order further stated, *inter alia*: "[f]ailure to comply with this order may result in dismissal of this action." (ECF order dated 7/11/18.) On July 12, 2018, the Clerk of Court mailed

1

petitioner a copy of the July 11, 2018 order, along with a form to request to proceed IFP. To date, petitioner has not complied with the court's order or otherwise communicated with the court, and the time for doing so has passed.

Federal Rule of Civil Procedure 41(b) authorizes a district court to dismiss an action "[i]f the plaintiff fails to prosecute or to comply with [the Federal Rules] or a court order . . . ." Fed. R. Civ. P. 41(b); *see also Simmons v. Abruzzo*, 49 F.3d 83, 87 (2d Cir. 1995) (explaining Rule 41(b) authorizes a district court to "dismiss a complaint for failure to comply with a court order, treating the noncompliance as failure to prosecute." (citing *Link v. Wabasha R.R. Co.*, 370 U.S. 626, 633 (1962)) (additional citation omitted)). "Although not explicitly authorized by the rule, such dismissals may be made *sua sponte*" by the district court. *Storey v. O'Brien*, 482 F. App'x 647, 648 (2d Cir. 2012). In assessing whether dismissal is proper, the court considers whether: "(1) the duration of plaintiff's failure to prosecute caused a delay of significant duration; (2) plaintiff was given notice that further delay would result in dismissal; (3) defendant was likely to be prejudiced by further delay; (4) the need to alleviate court calendar congestion was carefully balanced against plaintiff's right to an opportunity for a day in court; and (5) [it] adequately assessed the efficacy of lesser actions." *Drake v.*

2

*Norden Sys., Inc.*, 375 F.3d 248, 254 (2d Cir. 2015). Generally, no single factor is dispositive. *Baptiste v. Sommers*, 768 F.3d 212, 217 (2d Cir. 2014).

Here, the factors weigh strongly in favor of dismissal. First, petitioner has failed to take any action to move this case forward since filing it nearly eleven months ago. *See Chira v. Lockheed Aircraft Corp.*, 634 F.2d 664, 666-67 (2d Cir. 1980) (noting failure to take action to move case forward for six months warranted Rule 41(b) dismissal). Second, petitioner was warned that failure to comply with the court's January 2, 2018 order could prevent the case from moving forward and that failure to comply with the court's July 11, 2018 order could result in dismissal of this action for failure to prosecute. (*See* ECF orders dated 1/2/18 and 7/11/18.) Third, "[p]rejudice to defendants resulting from unreasonable delay may be presumed." *Lauren S. v. Woodlick*, No. 13-cv-4164, 2014 WL 5878108, at *4 (E.D.N.Y. Nov. 12, 2014) (alteration in original) (quoting *Lyell Theatre Corp. v. Loews Corp.*, 682 F.2d 37, 43 (2d Cir. 1982)). Petitioner has failed to comply with court orders starting in January 2018 when he failed to file a completed IFP form. Fourth, the court's January 2, 2018 and July 11, 2018 extensions and warnings regarding petitioner's inability to proceed with this action without completing the IFP forms provided petitioner sufficient opportunity to be heard when

3

balanced against the court's need to avoid calendar congestion and ongoing efforts to seek responsive action from the plaintiff. *See Feurtado v. City of New York*, 225 F.R.D. 474, 480 (S.D.N.Y. 2004) ("Because [plaintiff] has made no effort to comply with the Court's directives or to prosecute his action, it would be unfair to the numerous other litigants who await the attention of this Court to permit [plaintiff]'s suit to remain on the Court's docket."). Fifth, the court has considered whether less drastic sanctions are appropriate, and concludes they are not, in light of petitioner's long-standing lack of communication with and responses to orders of the court. *Davis v. Town of Hemstead*, 597 F. App'x 31, 31 (2d Cir. 2015) (summary order) ("[G]iven plaintiff's repeated disregard for the court's instructions, no sanction less severe than dismissal would suffice."). None of the court's notices has been returned and, according to the Federal Bureau of Prisons, petitioner's address has not changed.

Accordingly, the action is dismissed without prejudice. The court certifies pursuant to 28 U.S.C. § 1915(a)(3) that any appeal would not be taken in good faith and therefore *in forma pauperis* status is denied for the purpose of any appeal. *Coppedge v. United States*, 369 U.S. 438, 444-45 (1962). The Clerk of Court is respectfully requested enter judgment dismissing this action, mail a copy this order and the

judgment to petitioner at the address of record, note service on the docket, and close this case.

**SO ORDERED.**

                                                            /s/ USDJ KIYO A. MATSUMOTO
                                               **Hon. KIYO A. MATSUMOTO**
                                               United States District Judge

Dated: September 6, 2018
       Brooklyn, New York